IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COMMERCIAL FIRE PROTECTION, LLC,<br><br>        Plaintiff,<br>v.<br><br>MICHAEL DUANE PIGG and PREMIER FIRE PROTECTION, LLC,<br><br>        Defendants. | Case No.: 3:24-cv-00922-AN<br><br>OPINION AND ORDER |

Plaintiff Commercial Fire Protection, LLC ("plaintiff" or "CFP"), filed this Motion for Temporary Restraining Order, ECF [4], to enjoin defendants Michael Duane Pigg ("Pigg") and Premier Fire Protection, LLC ("PFP" and collectively, "defendants"). Oral arguments were held on June 20, 2024. For the reasons set forth below, plaintiff's Motion for Temporary Restraining Order is DENIED.

## LEGAL STANDARD

Temporary restraining orders are subject to substantially the same factors as preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Generally, a plaintiff seeking a preliminary injunction must show: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.

The Ninth Circuit also has a "serious questions" test which dictates that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Thus, under the serious questions test, a preliminary injunction can be granted if there is a likelihood of irreparable injury to the plaintiff, serious questions going

to the merits, the balance of hardships tips in favor of the plaintiff, and the injunction is in the public interest. *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

## BACKGROUND

CFP provides comprehensive fire protection services, including the installation, maintenance, and inspection of fire alarm systems, sprinkler systems, fire extinguishers, and emergency lighting. Compl., ECF [1], ¶ 4.

On April 1, 2020, CFP hired Pigg as a Lead Fire Alarm Technician. *Id.* ¶ 10. In that role, he oversaw the installation, maintenance, and repair of fire alarm systems to ensure they function correctly and complied with safety standards and regulations. *Id.* In January 2022, CFP promoted Pigg to Portfolio Manager. *Id.* ¶ 11. In that role, he maintained and grew CFP's customer goodwill, and was given control over CFP's Oregon and Washington employees, equipment, vehicles, and certain key customer relationships. *Id.*

Pigg never signed a non-competition or non-solicitation agreement with CFP. Decl. of Pigg ("Pigg Decl."), ECF [16], ¶ 5. Pigg bargained against signing restrictive covenants as part of his agreement to work for CFP because he would be bringing his own clients to the work relationship. *Id.* Pigg, however, signed CFP's employee handbook, which prohibits outside employment that directly conflicts with CFP's essential business interests and disrupts business operations. Compl. ¶ 13.

Pigg formed PFP in June 2023, while still employed with CFP. *Id.* ¶ 12. PFP's services are similar to those offered by CFP. Pigg Decl. ¶ 7. However, Pigg alleges that PFP does not compete with CFP because its client base is different. *Id.*

Plaintiff makes the following allegations about Pigg's conduct while employed with CFP: Pigg used CFP employees and equipment to conduct work for PFP. Compl. ¶¶ 14, 16. Pigg encouraged CFP employees to use compensated sick time to do work for PFP. *Id.* ¶ 17. Through misrepresentations, Pigg attempted to solicit CFP employees to leave CFP and work for PFP. *Id.* ¶¶ 14-18. Pigg stole bids from CFP by inflating CFP's bid so that the contract would be awarded to PFP. Decl. of Dawn Eggers, ECF [14], ¶ 4. Pigg sold CFP equipment through eBay back to CFP and pocketed the money. *Id.* ¶ 7.

On June 10, 2024, plaintiff filed this action, bringing claims for breach of fiduciary duty, intentional interference with economic advantage, and misappropriation of trade secrets. On June 11, 2024, CFP terminated Pigg and filed this Motion for Temporary Restraining Order ("Pl.'s Mot."), ECF [4]. Plaintiff moves for this Court to enjoin defendants from:

> "Using or disclosing any proprietary information, confidential information, or trade-secret information of CFP;
> "Soliciting or accepting business from customers or potential customers of CFP; and
> "Soliciting for employment any employee, independent sales consultant, or contractor of CFP."

Pl.'s Mot. 2. Additionally, plaintiff requests expedited discovery of Pigg's CFP-issued laptop, all correspondence between Pigg and CFP employee, Mike Neihart ("Neihart"), all CFP records in their possession, all business records of PFP, and that the Court order Pigg to sit for a deposition. *Id.*

## DISCUSSION

**A.      Temporary Restraining Order**

Plaintiff fails to establish it will suffer immediate and irreparable injury if the TRO does not issue. Because plaintiff does not make the minimum showing required, the Court need not decide the other preliminary injunction factors. *California v. Azar,* 911 F.3d 558, 575 (9th Cir. 2018); *Oakland Tribune, Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1378 (9th Cir. 1985).

A plaintiff must show, at the very least, that "irreparable harm is *likely*, not just possible." *All. For The Wild Rockies*, 632 F.3d at 1131. Speculative injury is insufficient. *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984). Intangible injuries, such as loss of goodwill and prospective customers, can qualify as irreparable harm. *Stuhlbarg Int'l Sales Co.*, 240 F.3d at 841.

Plaintiff argues that, in the absence of injunctive relief, "Mr. Pigg will continue to profit from his unlawful conduct while employment [*sic*] by CFP" and "will continue to seek to solicit CFP's employees to work for his competing company." Pl.'s Mot. 8. Plaintiff, however, has failed to establish that Pigg, now that he no longer works for CFP, is prohibited from soliciting CFP's at-will employees. Plaintiff has failed to provide evidence that Pigg's solicitation efforts, while employed by CFP, have

3

negatively impacted CFP, or will do so in future. Instead, at oral argument, plaintiff conceded that, outside of one employee, all employees have stayed with CFP.

Likewise, plaintiff has failed to establish that Pigg solicited customers while employed by CFP, or that Pigg is prohibited from competing with CFP when he no longer works there. *See Caribbean Marine Servs. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."). Further, plaintiff has provided no evidence that Pigg possesses, or has used, CFP's confidential or proprietary information to solicit CFP customers or employees. At oral argument, the only "trade secret" plaintiff alleged Pigg had used was CFP's salary information to allegedly solicit CFP employees. Plaintiff has not carried its burden, however, of establishing that this information would constitute a trade secret—it is unclear whether that information was, in fact, secret. Without more, such harm is speculative.

"The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir. 1987) ("[T]emporary economic loss alone generally is not a basis for injunctive relief."). Thus, like preliminary injunctions, temporary restraining orders are not warranted where they are based on a generalized threat of lost revenue, market value, and goodwill. *See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1202-03 (9th Cir. 1980) (rejecting "a diminution of revenues, a diminution of the market value of plaintiff's property and the loss of substantial goodwill" as irreparable harm because they are "but monetary injuries which could be remedied by a damage award").

Here, plaintiff's allegations, if true, show that it has already suffered quantifiable damages during Pigg's employment with CFP. Indeed, the alleged acts of using CFP's equipment and employees, stealing CFP's bids, and selling CFP's equipment back to itself and pocketing the money are actual, quantifiable harms. However, under these circumstances, the Court is not persuaded that plaintiff has made a "clear showing" that the threatened harm CFP perceives to its employees and customers is immediate and irreparable. *See L.A. Mem'l Coliseum Comm'n*, 634 F.2d at 1202 ("Even if some significant threat of injury

be hypothesized, it was neither found nor shown to be irreparable. The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies."); *see also Sky Cap. Grp., LLC v. Rojas*, No. 1:09-CV-00083-EJL, 2009 WL 1370938, at *12-13 (D. Idaho May 14, 2009) (in case involving trade secret, tortious interference, and unfair competition claims "generalized threat of lost revenue and profits [ ] can be adequately redressed by monetary relief").

Given plaintiff's failure to make a clear showing that the threatened harm it perceives to its employees and customers is immediate and irreparable, the Court finds that the "extraordinary and drastic remedy" of a temporary restraining order is not warranted. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008).

**B.     Expedited Discovery**

Federal Rule of Civil Procedure 26(d) allows for discovery prior to a Rule 26(f) conference. "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In determining whether good cause exists, the court considers: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (internal quotation marks omitted).

Plaintiff asks this Court to order defendants, within five days of entry of a temporary restraining order, to turn over Pigg's CFP-issued laptop, all correspondence between Pigg and Neihart, all CFP records in their possession, all business records of PFP, and order Pigg to sit for a deposition. The Court denies plaintiff's request. Plaintiff has failed to establish, or otherwise engage in, the good cause analysis. Moreover, at oral argument, defendants, through counsel, indicated that they have already provided plaintiff with what appears to be the requested discovery.

## CONCLUSION

Accordingly, plaintiff's Motion for Temporary Restraining Order, ECF [4], is DENIED.

IT IS SO ORDERED.

DATED this 25th day of June, 2024.

_____
Adrienne Nelson
United States District Judge